JED NAGEL,                              )
                                       )
            Plaintiff,                  )
                                       )          No. 1:12-CV-213
v.                                      )
                                       )          Chief Judge Curtis L. Collier
WILLIAM PHILLIP MITCHELL,               )
                                       )
            Defendant.                  )

# M E M O R A N D U M

Before the Court is Defendant William Phillip Mitchell's ("Defendant") motion to dismiss

for lack of subject matter jurisdiction (Court File No. 11). Defendant argues the Court lacks

jurisdiction because the amount in controversy requirement in 28 U.S.C. § 1332 is not met. Plaintiff

responded to the motion (Court File No. 14). For the following reasons, the Court will **DENY**

Defendant's motion (Court File No. 11).


## I.      STANDARD OF REVIEW

A federal district court has original jurisdiction over civil actions where complete diversity

of citizenship exists and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C.

§ 1332(a). Generally, the amount in controversy claimed in a complaint determines whether this

requirement is satisfied. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009). "The

rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless

the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently

made in good faith. It must appear to a legal certainty that the claim is really for less than the

jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). The amount in controversy is assessed as of the time the complaint was filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

## II.   <u>RELEVANT FACTS</u>

According to the complaint, Plaintiff delivered a 15 ½ foot boat to Defendant for repairs, leaving the boat trailer used to transport the boat in Defendant's possession. Although Defendant agreed to complete the work by early spring 2011, the work was not completed until August 2011. By the time the repair work was completed, Plaintiff had paid $23,721.47 to Defendant. Defendant informed Plaintiff he could retrieve the boat whenever he paid the outstanding repair fee of $20,465. Plaintiff gave his employee cashier's checks in the outstanding amount and sent him to pay defendant and pick up the boat. However, Defendant refused to accept payment because the checks were from an out-of-state bank.

Plaintiff claims Defendant sought payment again in October 2011 and threatened to sell the boat instead. Subsequently, Plaintiff alleges, Defendant sold the boat. In July 2012, Plaintiff filed a complaint claiming conversion, theft, and breach of bailment duties. Plaintiff's complaint did not seek a specific amount, but sought compensatory and punitive damages. Plaintiff did assert the amount in controversy is in excess of $75,000. Defendant initially filed a *pro se* answer in which he alleged he was still in possession of the boat. Shortly thereafter, Defendant retained counsel who filed this motion to dismiss on jurisdictional grounds arguing the amount in controversy is less than $75,000 as required by 28 U.S.C. 1332. As part of Defendant's motion, he submits an affidavit alleging continued possession of the boat and willingness to return it to Plaintiff when the

outstanding balance of $20,465 is paid.

## III.   <u>DISCUSSION</u>

To justify a dismissal of Plaintiff's claim for lack of subject matter jurisdiction, it must appear to a legal certainty Plaintiff's claim is really for less than the jurisdictional minimum amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000).

Plaintiff claims Defendant committed conversion when he retained Plaintiff's boat.  In Tennessee, conversion is "the appropriation of [property] to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." *Hanna v. Sheflin*, 275 S.W.3d 423 (Tenn. Ct. App. 2008) (quoting *Barger v. Webb*, 391 S.W.2d 664 (Tenn. 1965)).  Liability is established if a defendant has intent to exercise dominion and control over the property that is in fact inconsistent with the plaintiff's rights and a defendant exercises that dominion and control.  *Id.* "This intention does not necessarily have to be a matter of conscious wrongdoing, but can merely be an exercise of dominion or control over the property in such a way that would be inconsistent with the owner's rights and which results in injury to him." *General Elec. Credit Corp. of Tenn. v. Kelly & Dearing Aviation*, 765 S.W.2d 750 (Tenn. Ct. App. 1988).  Damages in a conversion action are "the value of the property converted at the time and place of conversion, with interest." *Lance Productions, Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn. Ct. App. 1988).

Here, Plaintiff alleges Defendant is liable for conversion because he exercised dominion and control over the boat that was inconsistent with Plaintiff's rights.  Although no specific value of the boat has been offered, the Court notes Plaintiff alleged the amount in controversy was over $75,000.

Defendant does not argue the boat is worth less than that amount, but argues Defendant's possession and willingness to return the boat prevents Plaintiff from claiming conversion. However, "[t]he tort of conversion is complete once the defendant has taken, detained, or disposed of a chattel for an unreasonable length of time. . . . A defendant cannot undo his wrong by merely returning the property to the owner." *Kelly & Dearing Aviation*, 765 S.W.2d at 753. Further, although Defendant argues he had a right to retain the boat, the success of a claim does not determine a court's jurisdiction. *See Klepper v. First American Bank*, 916 F.2d 337 (6th Cir. 1990) (holding jurisdiction is not lost when claims establishing jurisdiction are later dismissed on a motion for summary judgment). Because Defendant does not appear to dispute the boat is worth more than $75,000, the Court cannot say it appears "to a legal certainty" Plaintiff's claim is for less than the jurisdictional limit. Accordingly, Defendant's motion is **DENIED**.


IV.     <u>**CONCLUSION**</u>

      For the reasons stated above, the Court will **DENY** Defendant's motion to dismiss for lack of subject matter jurisdiction (Court File No. 11).

      **An Order shall enter.**


          **/s/**                                    
          **CURTIS L. COLLIER**
          **CHIEF UNITED STATES DISTRICT JUDGE**